### HARDY et al. v. UNITED STATES.

(*Circuit Court of Appeals, Fifth Circuit. December 14, 1920.*)

No. 3391.

Conspiracy ⬡47—Evidence of conspiracy to bribe officer.

Evidence *held* insufficient to connect one of the defendants with the conspiracy charged to bribe an officer of the United States to permit the illegal transportation of liquor into Indian country, but to sustain a conviction of the other defendants.

In Error to the District Court of the United States for the Northern District of Texas; Robert T. Ervin, Judge.

Criminal prosecution by the United States against D. M. Hardy and others. Judgment of conviction, and defendants bring error. Reversed as to Hardy, and affirmed as to remaining defendants.

J. H. Barwise, Jr., of Ft. Worth, Tex., W. F. Weeks, of Wichita Falls, Tex., and William H. Atwell, of Dallas, Tex., for plaintiffs in error.

R. E. Taylor, U. S. Atty., and Will C. Austin, Asst. U. S. Atty., both of Ft. Worth, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The indictment in this case contained two counts. The first count charged D. M. Hardy, H. M. Splawn, Jack Lankford, and Eugene Flowers with conspiring to bribe J. B. Dowell, an acting officer of the United States charged with the duty of assisting in enforcing laws of the United States regarding the sale of intoxicating liquors to Indians and the transportation of such liquor into Indian country, to permit, in violation of the laws of the United States, the carrying into effect of an alleged conspiracy to transmit intoxicating liquors from Wichita Falls, Tex., into that part of Oklahoma which was formerly known as Indian Territory and into the Indian country. The second count charged the commission of the offense a conspiracy to commit which was charged in the first count. There was a verdict finding the defendants guilty as charged in the indictment, and each of them was sentenced to imprisonment in a penitentiary for a term of two years and, to pay a fine of $500. Exceptions were reserved to the court's refusal to give requested instructions to the jury to return a verdict for the defendant Hardy on each of the counts of the indictment. Exceptions were also reserved to rulings of the court adverse to the other defendants, plaintiffs in error here.

Evidence adduced showed that during the time covered by the allegations of the indictment Hardy was a wholesale and retail liquor dealer at Wichita Falls, Tex.; that during that time Splawn was what was known as a posse man commissioned by the United States to arrest persons illegally transporting liquor from Wichita Falls into Oklahoma; that during that time Lankford and Flowers were in-

formers stationed at Wichita Falls, and engaged, in co-operation with Splawn, in watching and detecting persons transporting liquor into Oklahoma, receiving compensation for such services; and that during that time Dowell was an officer of the United States known as a deputy special officer for the suppression of the liquor traffic among Indians, and having authority to assist in the enforcement of laws of the United States on the subject of the sale or furnishing of intoxicating liquors to Indians and the introduction of such liquors into Indian country. During the time mentioned Dowell lived at McAlester, Okl. In the performance of his official duties he made three trips to Wichita Falls. While he was there on his last trip he got into communication with Splawn, Lankford, and Flowers, and made known to them his name and his official position.

The charges made in the indictment were sought to be supported by evidence as to occurrences at Wichita Falls while Dowell was there on his third trip. That evidence tended to prove that Hardy bribed Splawn, Lankford, and Flowers to permit the carrying out of a conspiracy between Hardy and others to effect the illegal transportation of intoxicating liquor from Wichita Falls into Oklahoma, and that Splawn, Lankford, and Flowers conspired to bribe Dowell to permit such illegal transportation, and delivered to him $500 of the $2,000 paid to them by Hardy. There was no evidence tending to prove that at the time of those occurrences Hardy knew or was informed that Dowell was an official, or had any connection with the enforcement of laws of the United States in the Wichita Falls territory, or that Hardy then knew or was informed that the money he paid as above stated was to be shared or participated in by any one other than Splawn, Lankford, and Flowers. So far as the evidence indicated, Hardy was in entire ignorance of the fact that Dowell, under his own or another name, had any connection with the enforcement of laws relating to the sale or transportation of intoxicating liquor, and of the fact that such an official as Dowell was shown to be was located where he might be instrumental in interfering with the illegal transportation of liquor from Wichita Falls. There was an absence of evidence tending to prove that in any transaction of Hardy which was testified about he had Dowell in mind, or contemplated the bribing of any one other than Splawn, Lankford, and Flowers. This being true, it was error to refuse the above-mentioned requests for instructions made in behalf of Hardy.

As to Splawn, Lankford, and Flowers, no reversible error is shown by the record. In so far as the judgment of conviction was against Hardy, it is reversed. So far as Splawn, Lankford, and Flowers are concerned, it is affirmed.